UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID R. GELINAS, *et al.*,

    Plaintiffs,

        v.

BANK OF AMERICA, N.A., *et al.*,

    Defendants.

Case No. 16-1355-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Set Aside or Vacate (Dkt. # 19) this Court's Order granting Defendants' Motion to Dismiss (Dkt. # 18).  For the reasons that follow, the Court **DENIES** the Motion.

## II.  BACKGROUND

On October 12, 2016, Defendants, Bank of America, N.A., HSBC Bank, USA, National Association, and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants"), moved to dismiss a complaint filed by Plaintiffs David R. Gelinas and Karen M. Gelinas (collectively, "Plaintiffs").  Dkt. # 10.  On March 28, 2017, the Court granted Defendants' motion and gave Plaintiffs leave to amend their complaint. Dkt. #18.  Plaintiffs did not file an amended complaint, but instead filed a motion to set aside or vacate the order granting Defendants' motion. Dkt. #19.  Plaintiffs, *pro se* litigants, do not specify what authority under which they bring their motion.

ORDER – 1

Accordingly, the Court will consider Plaintiffs' Motion under Federal Rules of Civil Procedure 59(e) and 60(b) and Local Rule 7(h).

### III.  LEGAL STANDARD

Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington.  *See* LCR 7(h)(1).  Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied.  *Id.*  Motions for reconsideration must be filed within fourteen (14) days of the order on which the motion is based.  LCR 7(h)(2).

While a previous order can be reconsidered and amended under Rule 59(e), the rule offers an "extraordinary remedy" to be used sparingly.  A motion to reconsider "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)(quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); Fed. R. Civ. P. 59.  Rule 60(b) allows a party to seek relief from an order under a "limited set of circumstances, including fraud, mistake, and newly discovered evidence."  *Harvest v. Castro*, 531 F.3d 737, 744 (9th Cir. 2008); Fed. R. Civ. P. 60(b).

### IV.  DISCUSSION

As a preliminary matter, as a motion brought under Local Rule 7, Plaintiffs' Motion is untimely.  The Order granting Defendants' motion to dismiss was issued on March 28, 2017.  Plaintiffs' Motion was filed on April 25, 2017.  Plaintiffs' Motion was not filed within the fourteen (14) days required by Local Rule 7(h)(2).  Under Rule 59, a motion to alter a judgment must be filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59.  Under Rule 60, a motion for relief from judgment must be filed within a "reasonable time" or if brought under circumstances of alleged mistake, newly discovered evidence, or fraud, no more than one year after the entry of the order.

ORDER – 2

Fed. R. Civ. P. 60(c). As Plaintiffs' Motion is timely under Rules 59 and 60, and Plaintiffs do not indicate what legal authority they bring their Motion under, their arguments will be still be considered here.

Plaintiffs argue that the Court's Order should be vacated because Defendants' Motion to Dismiss was untimely and because Defendants failed to file a corporate disclosure statement in compliance with Local Rule 7.1. LCR 7.1. Plaintiffs bring these arguments for the first time in this Motion. A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation. *Carroll*, 342 F.3d at 945 (9th Cir. 2003). Plaintiffs could have raised these issues at any time prior to the Court's Order and failed to do so. Further, Plaintiffs make no argument that there is an error in the prior ruling, newly discovered facts or evidence, or a change in controlling law, such that reconsideration of the Order is warranted. Neither do Plaintiffs claim that these procedural issues present any of the grounds for relief available to them under Rule 60. Other than to note that these issues constitute technical deficiencies, Plaintiffs make no argument that the alleged untimeliness of the Motion to Dismiss and the absence of the corporate disclosure statement prejudiced them in any way. As Plaintiffs' provide no basis for reconsideration under Rule 59, Rule 60, or Local Rule 7, their Motion must be **DENIED.**

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Set Aside or Vacate. Dkt. #19.

DATED this 6th day of September, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3